IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY B. JOHNSON, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:21-cv-02926-C (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Larry B. Johnson, a Texas state prisoner, filed a *pro se* "Motion For A Stay And Abeyance." (ECF No. 20). For the following reasons, the Court should DENY Johnson's motion.

## Background

Johnson is a convicted child sex offender. The State of Texas has custody of him pursuant to four judgments and sentences from Dallas County, Texas: *The State of Texas v. Larry B. Johnson*, Case Number F-0900661-H; *The State of Texas v. Larry B. Johnson*, F-0900662-H; *The State of Texas v. Larry B. Johnson*, F-0811151-H; and *The State of Texas v. Larry B. Johnson*, F-0811151-H. On August 14, 2009, Johnson was sentenced to 35 years' imprisonment in Case Number F-0900661-H and to 20 years' imprisonment in the other three cases, with the sentences to be served concurrently.

The Court of Appeals for the Fifth District of Texas affirmed Johnson's convictions on appeal. See *Johnson v. State*, Nos. 05-09-0130-CR, 05-09-01031-CR, 05-09-01032-CR, 05-09-01033-CR, 2010 WL 2108478 (Tex. App. –

Dallas 2010, pet. ref'd). And the Texas Court of Criminal Appeals (CCA) granted him permission to file an out-of-time petition for discretionary review (PDR), but it was ultimately refused. *See Johnson v. State*, No. PD-0100-20 (Tex. Crim. App. 2020); *Ex parte Johnson*, No. WR-88, 210-06, 2019 WL 6720136 (Tex. Crim. App. 2019).

Johnson filed thirteen state habeas applications. The CCA "[d]ismissed without written order" his first, second, third, and fourth applications, after he moved to withdraw his applications. The CCA "[d]ismissed" the fifth application as "noncompliant with Tex. R. App. P. 73.1". The CCA granted relief on the sixth application by allowing Johnson to file an out-of-time PDR in December 2019. *See Ex parte Johnson*, No. WR-88, 210-06. The CCA denied Johnson's seventh application and dismissed his eighth, ninth, and tenth applications, after he filed a motion to withdraw his applications. The CCA "[d]enied without written order" Johnson's eleventh, twelfth, and thirteenth applications.

Thereafter, Johnson filed a *pro se* petition under 28 U.S.C. § 2254 in the Eastern District of Texas, Texarkana Division. Because he contests a criminal conviction sustained in Dallas County, Texas, this habeas action was transferred to the Northern District of Texas, Dallas Division. Respondent filed a response, arguing that the petition should be denied because Johnson's claims are meritless, and he cannot overcome the deference required under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Respondent also contends the Court should deny a certificate of appealability.

On April 20, 2022, Johnson filed his "Motion for a Stay and Abeyance". Pet. (ECF No. 2). He argues that he needs a "stay and abeyance so that he may return to state court on new documentary evidence obtained since the filing of his § 2254 petition." *Id.* 2. Johnson further argues that "[g]ood cause exists" for the Court to grant a stay. *Id.* Specifically, he contends that his sister has been issuing document requests to state parties to obtain "new evidence." *Id.* 3. Johnson further contends that his sister has obtained exculpatory evidence, which advances his ineffective assistance of trial counsel claims and proves his trial attorney engaged in "blatant aggravated perjury" at the evidentiary hearing before the CCA. *Id.* As an additional basis for a stay, Johnson argues that he has "repeatedly requested a copy" of his [presentence investigation report (PSI)], but the District Attorney for Dallas County refuses to provide it to him. *Id.* 4. He further argues that "[i]t is imperative that he be provided a copy." *Id.* Johnson contends that he took the step of contacting the Texas Department of Criminal Justice (TDCJ) Parole Division and requested his PSI, but he was informed that the State had failed to include a copy of the PSI. He concludes that his requests for the PSI cannot continue to be ignored, a petition for writ of mandamus is necessary to get a copy, and he has yet another reason why a stay of this case is warranted.

## Legal Standards and Analysis

The Supreme Court has interpreted 28 U.S.C. § 2254(b)(1) to require "total exhaustion" of a petitioner's claims in state court before presenting them in federal court. *Rose v. Lundy, 455 U.S. 509, 518-19 (1982)*. However, in

*Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* in which the federal habeas court has the discretion to allow a "stay and abeyance" of federal proceedings to permit a petitioner to exhaust his claims. *Id.* at 277. *Rhines* held that a stay was appropriate only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court; (2) his unexhausted claims are plainly meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. When a court allows a stay under *Rhines*, it should analyze these factors on the record. *See Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008).

Here, Johnson has failed to demonstrate that his case meets the *Rhines* requirements, and for this reason, he is not entitled to a stay. First, Johnson has failed to show good cause for his failure to exhaust his claims in state court before filing in federal court. *See Rhines*, 544 U.S. at 277-78. Instead, he summarily argues that his sister sought and received documents containing exculpatory evidence, but he fails to explain why he did not search for and find these documents earlier, such as when his case was pending in state court. Johnson explains that after he filed his petition in this Court, his sister sought evidence from state parties. However, Johnson fails to suggest that the documents in question could somehow support the merits of his claims. *See* Mot. 3 (ECF No. 20). Johnson argues that the Dallas County District Attorney refuses to give him a copy of his PSI, but this bare allegation makes no reference to the record to substantiate it. Johnson alleges that he contacted the TDCJ

4

Parole Division, but he claims that they informed him "that the State had failed to include a copy of the PSI to a TDCJ officer designated by the parole department." *Id.* 4. Here again, Johnson has presented no proof or made any reference to the record to support his conclusory argument.

In sum, Johnson has made only conclusory allegations to explain why he did not exhaust his claims in state court, and this is insufficient to permit this Court to make an initial determination under *Rhines*. *See Joseph v. Vannoy,* 2016 WL 8710200, at *2 (W.D. La. June 17, 2016) (finding "conclusory allegations" provide "insufficient support" to enable the court to make a preliminary determination under *Rhines*); *see also Perez v. Johnson,* 122 F.3d 1067, 1997 WL 464599, at *1 (5th Cir. 1997) (per curiam) (a court is not required to "scour the record" for evidence to support a *pro se* litigant's position, as it is the litigant's obligation to direct the court to relevant evidence to support his position). For these reasons, Johnson has failed to show good cause for his failure to exhaust.

Second, Johnson has not demonstrated that his unexhausted claims are plainly meritorious. *See* Mot. (ECF No. 20). He claims to have obtained a "barrage of documents" that will show his trial attorney committed perjury, but his argument is vague and conclusory. *Id.* 3. For instance, Johnson does not point out which specific statements that his attorney made were allegedly false. Similarly, he does not explain how the allegedly false statements will somehow impact the merits of the claims in his petition. As discussed by Respondent, Johnson's ineffective assistance of counsel claims are meritless, and this is so

5

for reasons that are independent of trial counsel's truthfulness. *See* Resp. 18-24 (ECF No. 17).

Johnson appears to suggest that the presence of his PSI will change the outcome of his case, and the alleged failure to disclose it to him amounted to a technical violation under the Texas Code of Criminal Procedure 42A.255(a)(b)(c). Mot. 5 (ECF No. 20) (citing *Watson v. State,* 919 S.W.2d 845, 846 (Tex. App. -San Antonio 1996, no pet.) (finding that a trial court's failure to allow a defendant to present evidence or argument relating to his PSI results in an improper punishment)). However, as discussed by Respondent, Johnson's petition fails because he knowingly and voluntarily pleaded guilty before the trial court, and the severity of his sentence was dependent on the horrific nature of his repeated rapes of two young girls he met while teaching karate lessons, not on the presence or absence of the PSI. *See generally* Resp. (ECF No. 17).

Under the AEDPA, a petitioner must show that the adjudication of his claims (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton,* 544 U.S. 133, 141 (2005); *see also* 28 U.S.C. § 2254(d). Johnson makes no attempt to demonstrate how the "barrage of documents" his sister obtained would help

6

him meet this demanding standard. In particular, he fails to show how the documents impact the merits of his claims.

Third, there is no specific indication that Johnson engaged in intentionally dilatory litigation tactics. Admittedly, he fails to offer any reasons why he did not secure the "barrage of documents" during the many years his case was pending in state court. Mot. 3-7 (ECF No. 20). And Respondent argues that "this glaring lack of diligence amounts to abusive litigation tactics or intentional delay." Resp. 5 (ECF No. 22). But on this limited record before it, the Court finds no indication that Johnson engaged in *intentional* dilatory tactics. Thus, the third element weighs in his favor.

Johnson must demonstrate all three requirements under *Rhines*, and he has clearly failed to show that he can meet the first two requirements. Accordingly, Johnson has failed to show all three requirements for a stay, and the Court should deny his motion seeking a stay of proceedings.

## Recommendation

For the reasons stated, the District Court should DENY Johnson's motion seeking a stay of this case (ECF No. 20).

Signed June 7, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).