IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LARRY B. JOHNSON,          §
#01594379,                 §
      Petitioner,     §
                           §   No. 3:21-cv-02926-C (BT)
v.                         §
                           §
DIRECTOR, TDCJ-CID,        §
      Respondent.     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Larry B. Johnson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY Johnson's petition.

## I. Background

After pleading guilty in a Dallas County, Texas, Criminal District Court to aggravated sexual assault of a child in one case, and pleading "nolo contendere" in two other cases involving indecency with a child, and a fourth case involving sexual assault of a child, *see The State of Texas v. Larry B. Johnson* Case Numbers F-0900661-H, F-0811121-H, F-0811151-H, and F-0900662-H, respectively, the trial court sentenced Johnson to 35 years' imprisonment in the aggravated sexual assault case and 20 years' imprisonment in the other three cases. The Court ordered Johnson to serve the sentences concurrently.

1

The trial court's judgment was affirmed on appeal. *See Johnson v. State*, Nos. 05-09-01030-CR, 05-09-01031-CR, 05-09-01032-CR, and 05-09-01033-CR, 2010 WL 2108478 (Tex. App.—Dallas 2010, pet. ref'd). And the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review (PDR), *Johnson v. State*, No. PD-0100-20 (Tex. Crim. App. 2020), which it granted him leave to file out-of-time, *see Ex parte Johnson*, No. WR-88, 210-06, 2019 WL 6720136 (Tex. Crim. App. 2019) (per curiam).

Thereafter, Johnson filed thirteen state habeas applications challenging his convictions. Except for the sixth application, on which state habeas court granted Johnson relief and permitted him to file an out-of-time PDR, none of his state habeas cases was resolved in his favor. At least seven applications—his first, second, third, fourth, eighth, ninth, and tenth—were "[d]ismissed without written order," on Johnson's motions to withdraw his applications. The fifth application was "[d]ismissed" as "noncompliant with Tex. R. App. P. 73.1." Two applications, his seventh and twelfth, were "[d]enied without written order on the findings of the trial court without hearing and on the Court's independent review of the record" in February 2021. Johnson's eleventh and thirteenth applications were "[d]enied without written order."

On October 22, 2021, Johnson, proceeding *pro se*, filed a § 2254 petition (ECF No. 1) in the Eastern District of Texas, Texarkana Division. Because his habeas petition attacked criminal convictions sustained in Dallas County, Texas, the court transferred the petition here.

In his petition, Johnson argues:

1.  The State denied his Due Process rights when it:

    a.  convicted him on a standard less than reasonable doubt; and

    b.  used false evidence to threaten to enhance his charges and impeach his credibility and increase his punishment;

2.  His trial attorney provided ineffective assistance of counsel when he:

    a.  failed to investigate his military convictions;

    b.  failed to file a motion in limine regarding the admission of extraneous evidence such as his military convictions;

    c.  labored under an actual conflict of interest;

    d.  failed to move to suppress evidence;

    e.  failed to object to improper references to facts outside the record; and

    f.  failed to use DNA results challenging the credibility of the complainant.

In response, the Director argues Johnson's claims are meritless, and he cannot overcome the deference afforded under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Johnson did not file a reply. The matter is now fully-briefed and ripe for determination.

## II. Legal Standards

The AEDPA, 28 U.S.C. § 2254, provides:

(d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

The federal habeas court must presume a state court's factual determinations are correct and can find those factual determinations unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313-

4

14, 135 S.Ct. 2269, 192 L.Ed.2d 356 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id.* at 314, 135 S.Ct. 2269. The demanding standard under the AEDPA falls short of imposing a complete bar on federal court re-litigation of claims rejected in a state court proceeding. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)).

## III. Analysis

### A.   <u>**Johnson's pleas were knowing and voluntary.**</u>

Although Johnson does not specifically argue his pleas were not knowingly and voluntarily made, Respondent argues that Johnson's grounds for relief collectively suggest he is making that argument. The state habeas court previously considered this issue and ruled against Johnson. To the extent Johnson's federal habeas petition can be construed as raising the argument that his pleas were involuntary, the Court should deny this claim.

Johnson entered an open guilty plea in his aggravated sexual assault case, and he pleaded "nolo contendere" in the three other cases. In Texas, a nolo contendere plea has the same legal effect in a criminal proceeding as a guilty plea. Tex. Crim. Code Proc. art. 27.02(5). A guilty plea is deemed to be an admission of guilt, and the law applicable to a guilty plea is also applicable to a plea of nolo

contendere. *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (citing *Norman v. McCotter*, 765 F.2d 504, 509-11 (5th Cir. 1985)).

A plea is intelligently or knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)). Assessing whether a guilty plea was valid is a question of law, but historical facts are entitled to a presumption of correctness. *See Parke v. Raley*, 506 U.S. 20, 35 (1992) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *Amaya*, 111 F.3d at 388). The issue before a court when a petitioner claims his plea was not knowing and voluntary is whether the denial of relief by the state court was contrary to, or an unreasonable application of, federal law. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000); *see also* 28 U.S.C. § 2254(d)(1).

Here, the record demonstrates Johnson's pleas were knowingly and voluntarily made. On July 27, 2009, before he entered his pleas, the court specifically admonished Johnson—more than once—as to the range of punishment

for each offense. Reporter's R., Vol. 2 (ECF No. 15-15) at 4-21. Johnson also took a recess during the hearing to consult with his attorney about the nature of the charges against him and the punishment possibilities in the event of a conviction. *Id.* At the conclusion of that recess, Johnson indicated he understood the nature of the charges against him and the range of punishment he faced if convicted.

In addition, the state habeas court addressed this issue and ruled in favor of the State. The state habeas court stated:

> The Court finds that Applicant was properly admonished on the record by the court about the punishment possibilities. Applicant indicated that he understood the punishment possibilities. (Trial II R.R. at 4-21) . . . The Court finds that Applicant's plea was not involuntary due to any advice of trial counsel.

State Habeas Ct. R. -07 (ECF No. 16-36) at 13 (findings and conclusions numbers 34 and 36). Johnson has failed to demonstrate the state habeas court's decision on this issue resulted in an "unreasonable application" of "clearly established Federal law." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting 28 U.S.C. § 2254(d)); *see also Harrington*, 562 U.S. at 102 (recognizing the standard under § 2254(d) is "difficult to meet"). Thus, Johnson has failed to overcome the AEDPA relitigation bar. *See Langley v. Prince*, 926 F.3d 145, 156 (5th Cir. 2019) (citing § 2254(d)(1) and noting it is the "first step in any case under AEDPA's relitigation bar"). For these reasons, the Court should defer to the state habeas court's decision and deny this claim.

**B.    Johnson's claim that the trial court violated his Due Process rights is conclusory and meritless.**

Johnson argues that his Due Process rights were violated when the trial court applied an "incorrect standard" to convict him. Pet. 6 (ECF No. 1). According to Johnson, the trial judge announced his verdict by saying, "[b]ased on what I consider to be the more credible evidence I find you guilty as charged." *Id.* (citing Reporter's R., Vol. 4 (ECF No. 15-17) at 201-04). He further avers that his trial attorney argued he was not convicted "beyond a reasonable doubt," the State failed to respond, and he should now be found "not guilty." *Id.*

Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993)* ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996)* (quoting *Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983)*); *see also Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002)* (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison, 431 U.S. 63, 74 (1977)*. Johnson's claim is conclusory, as it lacks the

necessary detail this Court needs to properly address it. And because Johnson's claim is conclusory, it is subject to summary dismissal. Therefore, the Court should summarily dismiss this claim.

Johnson's claim also fails on the merits because the trial court applied the correct burden of proof. During the plea colloquy, the trial court advised Johnson: "The State has the full burden of proof beyond a reasonable doubt." Reporter's R., Vol. 2 (ECF No. 15-15) at 20. The court then held an evidentiary hearing, at the beginning of which the court reiterated that "there is no admission of guilt based on a No Contest plea and the State has full burden of proof beyond a reasonable doubt." *See* Reporter's R., Vol. 3 (ECF No. 15-16) 5. Both sides presented evidence and argument. The prosecutor argued the State had met its burden to prove Johnson's guilt; Johnson's attorney disagreed. He argued the case was simply a matter of the victim's word against Johnson's, and—to him—the victim's testimony was "just not credible." Reporter's R., Vol. 4 (ECF No. 15-17) at 201. Immediately before the court announced its verdict, it stated it was finding Johnson guilty "[b]ased on what I consider the more credible evidence." Reporter's R., Vol. 4 (ECF No. 15-17) at 204. But this statement did not reflect the burden of proof, and the court actually held the State to its burden to prove Johnson's guilty beyond a reasonable doubt.

For these reasons, Johnson's claim should be dismissed, or in the alternative, denied.

**C.**     **Johnson has failed to show that the prosecution presented false evidence.**

Johnson argues the prosecution violated his Fourteenth Amendment rights when the State of Texas used "false evidence" to "exacerbate [his] punishment" and "impeach [his] credibility." Pet. 8 (ECF No. 1.) Johnson contends the prosecution threatened to enhance his sentence with the use of military court martial convictions to persuade him to plead guilty. *Id.* Johnson further contends that the military convictions were vacated decades before his state convictions, and the military convictions were his only prior criminal history. *Id.* Johnson concludes the State tried to improperly use the "vacated military conviction" against him, and it amounted to "false evidence," which was both "material and prejudicial."[1] *Id.*

"[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (citations omitted); *see*

---

[1] The record shows that the trial court admitted a "certified copy" of Johnson's 1984 military convictions into evidence. Reporter's R., Vol. 4 (ECF No. 15-17) at 123. However, this evidence does not appear in the trial exhibit record. *See id.* at 4, 123-24 (referring to the proffer of the State's Exhibits 16 and 17, but the record does not actually contain those exhibits). The prosecutor referred also to Johnson's military conviction as involving "indecent, lewd, and lascivious acts," and Johnson did not disagree—although he denied that he raped or intentionally hurt anyone. Reporter's R., Vol. 4 (ECF No. 15-17) at 122-26. During the state habeas proceedings, Johnson produced an order from 1987, which indicated "the two charges that were leveled against him for sexual misconduct in the Army were subsequently reversed on appeal and dismissed." Writ Reporter's R. (ECF No. 16-20) at 4-6 (Def.'s Ex. No. 1) (referred to as military records). Considering the state of the record regarding Johnson's military convictions at this time, Respondent concedes the State's Exhibit 16 consisted of a judgment for sexual misconduct that was later dismissed. Resp. 13 n.4 (ECF No. 17).

*also Dinh Tan Ho v. Thaler*, 495 F. App'x 488, 492-93 (5th Cir. 2012) (per curiam) (quoting *Napue*, 360 U.S. at 269). To show a due process violation based on the State's use of "false or misleading evidence" a petition must show: (1) the evidence was false, (2) the evidence was material, and (3) the prosecution knew the evidence was false. *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997) (citing *Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996)); *see also Dinh Tan Ho*, 495 F. App'x at 493 (citing *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996)). Evidence is "false" when it is "specific misleading evidence important to the prosecution's case in chief." *Nobles*, 127 F.3d at 415 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). False evidence is deemed "material" when "there is any reasonable likelihood that [it] could have affected the jury's verdict." *Id.* (quoting *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996)).

Johnson's claim the State prosecutor relied on "false evidence" is not based on any legal authority or substantive evidence. Johnson's claim is also conclusory in nature and is subject to dismissal. *See Pineda*, 988 F.2d at 23 ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue.").

Johnson's claim also fails on the merits. For instance, Johnson has not provided any evidence suggesting this previous military convictions were "false." Pet. 8 (ECF No. 1); *see also Nobles*, 127 F.3d at 415 (citing *Donnelly*, 416 U.S. at 647). Moreover, Johnson fails to provide any evidence the prosecution knew his

prior military convictions were "false." Pet. 8 (ECF No. 1); *see also Nobles*, 127 F.3d at 415. The fact that Johnson's prior military convictions were dismissed does not make it "false evidence." Likewise, there is no evidence suggesting the State knew the prior military convictions were dismissed. Johnson has failed to come forward with evidence in support of this claim, and it should be dismissed. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971)).

Johnson's vacated military convictions and their subsequent dismissal had no bearing on his four 2009 convictions in Dallas County, Texas. Admittedly, the State tried to use the military convictions for enhancement at sentencing, but the attempt was not successful, and the military convictions were not used to enhance his sentence. Reporter's R., Vol. 4 (ECF No. 15-17) at 204-05. The trial court found the enhancement allegations to be "not true." *Id.* The trial judge's only comment on the evidence during the pronouncement of Johnson's sentences was "I have a case where you have committed multiple offenses, you have groomed a child since she was ten or eleven. I certainly believe her testimony over yours[.]" Reporter's R., Vol. 5 (ECF No. 15-18) at 59-60. This comment from the trial judge, in addition to Johnson's attorney's successful strategy to preclude the military convictions from factoring into Johnson's punishment (*see* Writ Reporter's R. (ECF No. 16-20)

at 14, 28), demonstrate the prior military convictions had no impact on the outcome of Johnson's cases. *See Nobles*, 127 F.3d at 415; *see also Westley*, 83 F.3d at 726. For these reasons, Johnson's claim that his convictions were obtained through "false evidence" fails under each requisite element. *See Nobles*, 127 F.3d at 415.

Moreover, the state habeas court explicitly rejected this claim. The state habeas court found: "Applicant has not shown that the underlying acts that formed the basis of the offenses he was accused of committing while in the military were not factually true," and "[t]he Court finds that the false evidence regarding Applicant's military conviction was not material." State Habeas Ct. R. -07 ("Supp. Clrk. Rec. Rec'd 01-11-21") (ECF No. 16-36) at 7, 9 (state habeas court findings and conclusion Nos. 10 and 15). Johnson does not even attempt to show the state habeas court's rejection of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or was a decision based on an unreasonable determination of the facts considering the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1), (2). Accordingly, the Court should defer to the state habeas court's determination and deny this claim.

**D.  Johnson has failed to show that his attorney provided ineffective assistance of counsel.**

Johnson has raised six ineffective assistance of counsel claims. Pet. 9, 11, 13, 15, 17, 19 (ECF No. 1). To succeed on a claim of ineffective assistance of counsel, a

petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. Id. at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did not make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly

14

established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen*, 563 U.S. at 190). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101.

To prevail on his ineffective assistance of counsel claim, Johnson must demonstrate that the CCA's determination—that his attorney did not provide ineffective assistance of counsel—was an unreasonable application of the clearly established federal standard set forth in *Strickland*. *See Schaetzle*, 343 F.3d at 444. The Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client." *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015), *abrogated on other grounds by Ayestas v. Davis*, 138 S. Ct. 1080 (2018). On federal habeas review, "*Strickland* does not allow second guessing of trial strategy and must be applied with keen awareness that this is an after-the-fact inquiry." *Granados v. Quarterman*, 455 F.3d 529, 534 (5th Cir. 2006). Even when a trial attorney's strategy is not successful, it does not mean his performance was

necessarily deficient. *Avila v. Quarterman*, 560 F.3d 299, 314 (5th Cir. 2009) (citing *Granados*, 455 F.3d at 534).

### 1. Overwhelming evidence

Johnson entered an open guilty plea in his aggravated sexual assault case and a plea of "nolo contendere" in his other three cases involving indecency with and sexual assault of a minor. For Johnson to succeed on an ineffective assistance claim in the context of a guilty plea, he must demonstrate that his plea was unknowing or involuntary by showing: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would have pleaded not guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *see also Strickland*, 466 U.S. at 687-88.

Having reviewed the entire record, the Court concludes the evidence presented by the State overwhelmingly supports a finding that Johnson was guilty in all four cases and undercuts his arguments that errors occurred in connection with his pleas. Accordingly, the Court should find Johnson's ineffective assistance of counsel claims collectively fail to demonstrate prejudice.

### 2. Failed to investigate military convictions

Johnson argues he received ineffective assistance of counsel when his attorney failed to investigate his military convictions. Pet. 8 (ECF No. 1). Specifically, Johnson contends he informed his attorney his military convictions had been dismissed, but his attorney failed to investigate his claim, and merely

16

relied on the State's evidence. *Id.* Johnson further contends the "vacated convictions poisoned the entire proceedings," and the State used the military convictions to scare him into pleading guilty. *Id.* Johnson concludes that the State also used the prior military convictions to impeach him and witnesses, and the trial judge used them to "assess a harsh sentence." *Id.*

Attorneys have a duty to investigate the charges and evidence against their clients. *See Strickland,* 466 U.S. at 690-91, 104 S.Ct. 2052. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter,* 775 F.2d 595 (5th Cir. 1985)); *see also United States v. Bernard,* 762 F.3d 467, 477 (5th Cir. 2014) (citing *Druery v. Thaler,* 647 F.3d 535, 541 (5th Cir. 2011)). "[I]n a guilty plea scenario, a [movant] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *Armstead,* 37 F.3d at 206 (citing *Hill,* 474 U.S. at 52, 106 S.Ct. 366).

This claim fails because Johnson does not allege with specificity what a proper investigation would have revealed or how it would have impacted the outcome of his cases. *See Green,* 882 F.2d at 1003. The record shows that his attorney adopted a sound trial strategy that ultimately prevented the court from deeming his military convictions to be felonies for purposes of sentence enhancement. Reporter's R., Vol. 4 (ECF No. 15-17) at 204-05. His attorney made

the tactical decision to focus his investigation on arguing the military convictions did not amount to a prior felony.

This ineffective assistance of counsel claim fails because Johnson has not shown his attorney's performance was deficient. Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689).

Johnson has also failed to demonstrate prejudice. The state habeas court addressed the lack of prejudice:

> With regard to Applicant's claim that the State used the military conviction to threaten enhancement and convince Applicant to waive his right to a jury trial, Applicant has likewise failed to show harm. Trial counsel testified that he did not believe that Applicant would be successful on a plea of not guilty and never thought probation was in the picture due to the nature of the allegations and the number of cases pending against Applicant. (Writ R.R. at 7–8). Trial counsel advised Applicant that he had negotiated an agreement with the State that would avoid consecutive sentences and Applicant indicated to trial counsel that the agreement was "a wiser course of action". (Writ R.R. at 8–10). The use of the prior convictions did not play a role in Applicant's decision to plead guilty to the offenses. (Writ R.R. at 12). The primary factor in pleading guilty was to avoid the possibility of stacked sentences. (Writ R.R. at 12).

State Habeas Ct. R. -07 ("Supp Clk Rec. 01-11-21") (ECF No. 16-36) at 9 (findings and conclusions No. 17). The prosecution attempted to impeach Johnson and a character witness, Karla Zimmerman, with Johnson's prior military convictions. Reporter's R., Vol. 4 (ECF No. 15-17) at 122-25; Reporter's R., Vol. 5 (ECF No. 15-18) at 30-31. Johnson's attorney strategically pursued a wise course of action in Johnson's case because the evidence against Johnson was overwhelming. The State had a videotape of Johnson having sex with an underaged girl, and it could have been played for the jury if the cases had gone to trial. (ECF No. 16-20) at 8, 10. The impeachment with the prior military convictions was not a factor in the outcome of Johnson's case, and it did not have a significant impact on the severity of the sentence he received. Writ Reporter's R. (ECF No. ECF No. 16-20); *see also Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) ("In the state sentencing context, the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been 'significantly less harsh,' taking into account such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances.") (internal cite and quotation omitted).

Investigation into the dismissal of Johnson's military convictions would have been inconsistent with his attorney's trial strategy, and the military convictions did not impact the voluntariness of Johnson's guilty plea. The military

convictions had no impact on the sentences Johnson ultimately received. Johnson's claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

### 3. Failed to file a motion in limine

Johnson argues his attorney provided ineffective assistance of counsel when he failed to file a motion in limine to oppose the admission of his military convictions and other extraneous offenses. Pet. 11 (ECF No. 1). Johnson further argues this failure allowed prejudicial and inadmissible evidence to be used. *Id.* Specifically, Johnson contends the military convictions and extraneous offenses were used in his presentence report (PSR). *Id.* Johnson further contends that his attorney "committed fraud on the court when he avered [sic] that he did not know about the State's intention to seek enhancement until the day of trial." *Id.*

"This Court has made clear that counsel is not required to make futile motions or objections." *Kock v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (per curiam)). An attorney is not deficient for failing to file a futile or meritless motion, and a petitioner fails to satisfy the first prong of the *Strickland* standard. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). For this reason, when an attorney fails to file a futile motion, it does not amount to ineffective assistance. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

This claim fails under both prongs of the *Strickland* standard. Johnson has failed to show that his attorney provided deficient performance because his attorney was not aware of the dismissal of Johnson's prior military conviction. And because his attorney did not know the conviction had been dismissed, his attorney had no reason to believe he needed to file a motion in limine. Likewise, Johnson has failed to demonstrate prejudice. As discussed above, Johnson's military conviction did not impact his pleas or the trial court's imposition of his sentences. Johnson's claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

### 4. Conflict of interest

Johnson next argues his attorney provided ineffective assistance of counsel when he labored under an "actual conflict of interest." Pet. 13 (ECF No. 1). Specifically, Johnson contends his attorney (1) had a "financial conflict of interest" that caused him to "abandon his strategy for a jury trial to avoid the cost of four trials"; (2) "solicit[ed] an admonishment on stacking to scare [Johnson] into an open plea"; and (3) "allow[ed] inadmissible plea discussions and statements into evidence". *Id.*

The Sixth Amendment right to counsel includes the defendant's right to an attorney who is not "burdened by an actual conflict of interest." *Strickland*, 466 U.S. at 692. The *Strickland* test is used to evaluate a conflict of interest claim unless an "attorney's representation of multiple clients created a conflict of interest." *See Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996). To demonstrate a violation of

the Sixth Amendment when a defendant has not raised an objection at trial must demonstrate that an "actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). "A conflict [of interest] exists when defense counsel places himself in a position conducive to divided loyalties." *United States v. Medina*, 161 F.3d 867, 870 n.1 (1998) (citations omitted); *see also United States v. Vasquez*, 298 F.3d 354, 360 (5th Cir. 2002). A possibility that there is a conflict of interest is not sufficient. *Cuyler*, 446 U.S. at 350; *see also Guidry v. Lumpkin*, 2 F.4th 472, 491 (5th Cir. 2021) (a petitioner must show there was an "actual conflict of interest" that affected his attorney's performance). "The petitioner must specifically identify instances in the record that reflect that his counsel made a choice between possible alternative courses of action[.]" *Perillo*, 79 F. 3d at 447.

Johnson does not allege his attorney's conflict-of-interest arose from the representation of multiple clients. Therefore, a traditional *Strickland* analysis is appropriate here. *See id.*

Johnson alleges his attorney had an "actual conflict of interest" that led to him abandoning his strategy to avoid the cost of four trials. Pet. 13 (ECF No. 1). However, Johnson has neither alleged nor demonstrated an "actual conflict" of interest. *See Cuyler*, 446 U.S. at 350; *see also Guidry*, 2 F.4th at 491. In addition, Johnson, on his attorney's advice, consolidated his trials and waived his right to a jury to avoid having his sentences "stacked" rather than served concurrently. The state habeas court found:

22

> [Counsel] testified that the primary concern in the decision to waive a
> jury and plead guilty and no contest and have all the cases heard
> together was to avoid the possibility of stacking. This is supported by
> the trial record. The trial court indicated that if all four cases were
> tried together without a jury, the court would not stack any sentence.
> The State also indicted that if Applicant did not waive a jury, the State
> intended to try the cases separately and ask the court to stack. After
> this admonishment, Applicant asked to consult with his lawyer, and
> shortly thereafter, informed the court of his decision to waive a jury
> and enter his pleas of guilty and no-contest. (Trial II at 11-12).

State Habeas Ct. R. -07 ("Supp Clk Rec Rec'd 01.11.21") (ECF No. 16-36) at 12–13

(findings and conclusions No. 29). Johnson's attorney's advice was based on sound

trial strategy aimed at avoiding stacked sentences, and Johnson has failed to meet

his burden under both prongs of the *Strickland* standard. Specifically, Johnson has

failed to show his attorney provided him with deficient performance. Rather, his

attorney chose a strategy aimed at avoiding stacked sentences, and Johnson has

not demonstrated he would not have pleaded guilty but for his attorney's actions.

*See Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004) ("To prove prejudice for

an ineffective assistance of counsel claim in the context of a guilty plea, the habeas

petitioner must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to

trial.") (quotation omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Johnson's claim fails under both prongs of the *Strickland* standard, and the Court

should deny it.

**5. Failed to move to suppress evidence**

Johnson next argues that his attorney provided ineffective assistance of counsel when he failed to present an "adversarial challenge to suppress [the] illegal search & seizure." Pet. 15 (ECF No. 1). Johnson further argues that his attorney initially filed a pretrial motion to suppress, but he later "abandoned his motion" and failed to make a timely objection when "the fruits of the poisionous [sic] tree [were] mentioned." *Id.*

Johnson's convictions were the result of a guilty plea and three "nolo contendere" pleas. The issue is here is "whether [his attorney's] constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58-59 (applying the two-pronged *Strickland* standard "to challenges to guilty pleas based on ineffective assistance of counsel"). This means that a petitioner alleging ineffective assistance of counsel where there was a guilty plea "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and "would have insisted upon going to trial." *Armstead*, 37 F.3d at 206, 210 (citing *Hill*, 474 U.S. at 56-58); *see also Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017)). The court's determination turns, at least in part, on "a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206.

Johnson's argument fails for several reasons. First, a very detailed search warrant was executed in this case, and any motion to suppress would surely have been denied. Writ Reporter's R. (ECF No. 16-20) (State's Ex. No. 2); Search Warrant (ECF No. 16-11) at 1-3. And for this reason, Johnson's claim fails on the

merits. Second, Johnson's argument is conclusory. Specifically, Johnson's claim lacks any specifics regarding why his attorney should have moved to suppress. *See Pineda*, 988 F.2d at 23 ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."); *see also Lookingbill*, 293 F.3d at 263 (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). This claim lacks the necessary detail this Court needs to properly address it. Johnson's claim is conclusory and legally insufficient, and it should be summarily dismissed. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994)); *see also Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Last, Johnson's claim is waived by his guilty plea. A guilty plea generally waives all nonjurisdictional defects in the proceedings. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citations omitted); *see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived." (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.1982)). "This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith*, 711 F.2d at 682 (citations omitted). And "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is

charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).

Johnson does not allege his attorney's failure to pursue a motion to suppress rendered his guilty plea involuntary, and as part of his guilty plea, Johnson openly admitted his guilt. Johnson also waived this claim when he pleaded guilty. For these reasons, this claim should be dismissed, or in the alternative, denied.

### 6. Failed to object to references outside the record

Johnson argues that his attorney provided ineffective assistance of counsel when he failed to object to "improper comments on facts outside the record, referencing reports and statements not admitted into evidence." Pet. 17 (ECF No. 1). In support of this argument, Johnson refers to State's Exhibit 17, which he claims described his military conviction. *Id.* Johnson concludes that his attorney's failure to object violated his Sixth Amendment and Fourteenth Amendment rights and led to him receiving a "harsher punishment." *Id.*

As explained above, Johnson's attorney did not provide deficient performance when he strategically chose to pursue a strategy focused on the argument that the prior military convictions did not amount to prior felony convictions. *See Strickland*, 466 U.S. at 689 ("the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'") (citation omitted). Similarly, Johnson cannot

26

show prejudice. Johnson's military criminal record did not have a significant impact on the voluntariness of his guilty plea, and it was not used to enhance his punishment at sentencing. In sum, Johnson's claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

### 7. **Failed to use DNA results to challenge the complainant's credibility**

Johnson argues that his attorney provided ineffective assistance of counsel when he failed to use "DNA results to challenge [the] credibility of [the] complainant." Pet. 19 (ECF No. 1). Johnson further argues that the forensic DNA test showed semen was detected, but it excluded him. *Id.* Johnson claims that his attorney failed to use the results to challenge the credibility of the "alleged victim and examining doctor." *Id.* Johnson concludes that his attorney's inaction was critical because "[c]redibility was material to the disposition of the accused guilt". *Id.*

Johnson attached a lab result to one of his state habeas applications, and the test was only "suggestive of seminal fluid" on the victim's vaginal swab. State Habeas Ct. R. -07 (ECF No. 16-38) at 48. However, "[t]here was insufficient sample quantity for further serological analysis." *Id.* The state habeas court concluded that "the fact that Applicants DNA profile was not found in the rape kit analysis does not prove that Applicant did not have sexual contact with [the victim]. The results do not impeach her testimony." State Habeas Ct. R. -07 ("Supp. Clk Rec. Rec'd 01-11-21") (ECF No. 16-36) at 16 (findings and conclusions No. 47). The DNA test does

not contradict the victim's testimony. This claim fails under both prongs of the *Strickland* standard, and the Court should deny it.

**E.    Johnson has failed to meet his burden under the AEDPA.**

Johnson fails to meet his burden of proof under the AEDPA. The CCA's denial of his claims served as an adjudication on the merits. State Habeas Ct. R. -7 at "Action Taken" sheet (ECF No. 15-26) (denied February 10, 2021); State Habeas Ct. R. (ECF No. 16-51) (denied November 25, 2020); State Habeas Ct. R. (ECF No. 16-53) (denied February 10, 2021); *see also* 28 U.S.C. § 2254(d); *Valdez v. Cockrell,* 274 F.3d 941, 950 (5th Cir. 2001) (noting that under the AEDPA, there is a deferential standard of review, and a federal court must defer to a state court adjudication on the merits). An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); *see also Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

In sum, this Court must defer to the state court's determinations. Because the state habeas court's rejection of Johnson's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, he is not entitled to relief.

## IV. Civil Claims

Johnson has filed a motion (ECF No. 29) suggesting he intends to bring a civil rights claim under 42 U.S.C. § 1983. Specifically, he argues he has been "involuntarily transferred from Barry Telford Unit," and during that transfer, Texas Department of Criminal Justice (TDCJ) officials, mainly J. Hughes, the property officer, unlawfully confiscated his legal property, including his mail, pleadings, and exhibits related to this habeas case. Mot. 1 (ECF No. 29). Johnson further argues that he has been targeted by Hughes, and if the Director of TDCJ was aware of this situation, Johnson believes he would expedite the return of his property.

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed as a civil rights claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Here, Johnson's civil rights claims will be severed from his § 2254 habeas action.

## V. Recommendation

The Court should DENY Johnson's § 2254 habeas case.

Additionally, the Court SEVERS Johnson's civil rights claims from this habeas action filed under § 2254 and directs the Clerk of Court to open a new civil rights case (nature of suit 550) for the now-severed claims and file a copy of this order and ECF No. 29 in that case. The new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future pleadings related to the severed civil rights matter should be filed in the new case.

Signed January 31, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).