IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY B. JOHNSON, #01594379, Petitioner, | § § § § | |
| v. | § § | No. 3:21-cv-02926-C (BT) |
| DIRECTOR, TDCJ-CID, Respondent. | § § § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Fifth Circuit Court of Appeals remanded this case for the Court to determine if Larry B. Johnson used the prison mail system to deliver his objections to the United States magistrate judge's findings, conclusions, and recommendation (FCR) to deny his *pro se* habeas petition under 28 U.S.C. § 2254, and—if Johnson did use the prison mail system—to determine the date Johnson delivered his objections to prison officials for mailing. *See* Order (ECF No. 40). The Fifth Circuit further directed that, if appropriate, the Court should construe Johnson's objections to the magistrate judge's FCR as a motion under Federal Rule of Civil Procedure 59(e) and rule on the motion. *See id.*

For the following reasons, the Court should find (i) Johnson used the prison mail system to mail his objections to the magistrate judge's FCR; (ii) Johnson delivered his objections to prison officials for mailing on March 6, 2023; and (iii) Johnson is not entitled to relief under Rule 59(e).

1

I.

Johnson is a convicted child sex offender serving multiple sentences for sexual assault of a child, indecency with a child, and aggravated sexual assault of a child. The Court of Appeals for the Fifth District of Texas affirmed his convictions and sentences, and the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR). Johnson also filed thirteen state habeas applications challenging his convictions. And except for the sixth application, on which the state habeas court granted Johnson relief and permitted him to file an out-of-time PDR, none of the state habeas cases was resolved in his favor.

Johnson, proceeding *pro se*, filed a § 2254 petition (ECF No. 1) in the Eastern District of Texas, Texarkana Division. Because his habeas petition attacked the criminal convictions sustained in Dallas County, the Texarkana court transferred the petition here. On January 31, 2023, the magistrate judge issued an FCR recommending the Court deny Johnson's § 2254 petition. FCR (ECF No. 31). Johnson did not timely file any objections. Therefore, on February 27, the Court accepted the magistrate judge's recommendation and entered judgment. Ord. (ECF No. 33); J. (ECF No. 34).

On March 30, the Clerk of Court received Johnson's motion for an extension of time to file objections, together with his objections to the FCR—dated March 8, 2023. (ECF Nos. 35, 36.) The Court denied Johnson's motion for an extension of time to file objections on April 10. (ECF No. 37.)

2

Thereafter, Johnson filed a *pro se* motion that the Court construed as a motion seeking a certificate of appealability (COA) and a notice of appeal. (ECF No. 38.) The Court denied Johnson's motion for a COA. (ECF No. 39.) Johnson then filed a *pro se* notice of appeal.

On June 20, the Fifth Circuit entered its order of remand explaining that because the Court entered its final judgment on February 27, 2023, the final day for filing a timely notice of appeal was March 29. But the Fifth Circuit received Johnson's *pro se* notice of appeal—dated April 27—on May 5, 2023. However, the Fifth Circuit also noted that Johnson filed objections to the FCR on March 30, 2023, and objections filed within 28 days of the entry of judgment may be construed as a Rule 59(e) motion. If the Court construed Johnson's objections as a Rule 59(e) motion, the denial of that motion on April 10 would render his notice of appeal timely.

Accordingly, the Fifth Circuit directed the Court to determine if Johnson used the prison mail system to mail his objections to the Court, and, if he did, the date Johnson gave his objections to prison officials for mailing. The Fifth Circuit instructed the Court that, if appropriate, it should construe Johnson's objections as a motion under Rule 59(e) and return the case to the Fifth Circuit for further proceedings, or dismissal, as appropriate.

Following the Fifth Circuit's remand, the Court entered an order directing Johnson to file a sworn declaration containing facts answering each of the following questions: (1) Did you use the prison mail system to

3

mail your objections to the FCR to the Court?; and (2) If you did use the prison mail system to mail your objections, what date did you give your objections to prisons officials for mailing? (ECF No. 41.) Johnson responded to the Court's order with both a "sworn" and an "unsworn" declaration, but both declarations contained the same basic facts. (ECF Nos. 42, 43.) Specifically, Johnson stated that he used the prison mail system at the Gib Lewis Unit of the Texas Department of Criminal Justice (TDCJ) to mail his objections to the Court, and he delivered those objections to prison officials for mailing on March 8, 2023. Johnson also stated that he mailed his objections using certified mail with a tracking number, and the objections were delivered to the Clerk's Office front desk or mail room in Dallas, Texas, on March 29, 2023.

In a subsequent order, the Court directed Respondent to file those portions of the applicable prisoner mail log from the Lewis Unit, from February 8 to April 8, 2023, reflecting any outgoing mail deposited by Johnson and addressed to the United States District Court for the Northern District of Texas. Respondent complied. The requested mail log contains one entry from Johnson during the relevant time period, and it shows that—on March 6, 2023—prison officials received legal mail from Johnson to be delivered to the United States District Court for the Northern District of Texas. (ECF No. 49-2).

4

II.

Under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the appellant in a civil case must file a notice of appeal within thirty days of entry of judgment. *Brown v. Reny Co.*, 2023 WL 5674584, at *1 (5th Cir. Apr. 27, 2023) (per curiam); *Matter of Silvio*, 2017 WL 6762412, at *1 (5th Cir. Jan. 19, 2017) (per curiam); *Jones v. Anderson*, 2017 WL 6762410, at *1 (5th Cir. Jan. 18, 2017) (per curiam). "The prison mailbox rule provides that a pro se inmate's notice of appeal is deemed filed on the date that the inmate gives the notice of appeal to prison authorities to be mailed to the court rather than the date it is filed with the court." *See Rosas v. Nueces Cnty.*, 744 F. App'x 903, 904 n.2 (5th Cir. 2018) (mem.) (per curiam) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)).

The Court entered judgment in this case on February 27, 2023. Thus, Johnson's notice of appeal was due March 29. *See* Fed. R. App. P. 4(a)(1)(A). The Fifth Circuit received Johnson's *pro se* notice of appeal on May 5.

However, on March 30, this Court received Johnson's objections to the FCR. (ECF Nos. 35, 36.) The Court may construe objections filed within 28 days of the entry of judgment as a Rule 59(e) motion. *See United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990). Johnson's *pro se* Rule 59(e) motion would be timely filed if he deposited the motion in the prison mail system on or before the last day for filing, which was March 27, 2023. *See Brown v. Taylor*, 569 F. App'x. 212 (5th Cir. 2014).

5

Here, the prison mail logs from the Lewis Unit show that on March 6, 2023—seven days after the Court entered judgment—Johnson delivered legal mail to prison officials addressed to the United States District Court for the Northern District of Texas. (ECF No. 49-2). The Clerk of Court received Johnson's objections to the FCR on March 30, 2023. (ECF No. 36.) Accordingly, the Court should construe his objections as a *pro se* motion under Rule 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (mem.) (per curiam); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no more than 28 days after the entry of the judgment.").

### III.

Under Rule 59, a court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law . . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59(e) motion, it must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*,

561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Johnson objects to the FCR on numerous grounds, including that: (1) the magistrate judge erred in making "false and misleading statements," including statements that he entered an "open guilty plea" in his aggravated sexual assault case (Case Number F09-00661), ECF No. 36 at 1, 6; (2) the magistrate judge erred in finding his pleas of guilty and nolo contendere were knowing and voluntary, *id.* at 2; (3) the magistrate judge erred in finding his due process claims (that the trial court applied the wrong burden of proof and convicted him on the basis of "false evidence") were conclusory and meritless, *id.* at 3-5; and (4) the magistrate judge erred in finding his ineffective assistance of counsel claims failed, *id.* at 6-9. The Court addresses Johnson's arguments in turn.

A.

Johnson first objects that the magistrate judge erred in stating he pleaded guilty, rather than nolo contendere, to one count of aggravated sexual assault in Case Number F09-00661. *Id.* at 1, 6. Indeed, the FCR

7

incorrectly stated that Johnson pleaded guilty to the aggravated sexual assault charge in Case Number F09-00661, but a careful review of the record reveals that Johnson pleaded nolo contendere, or "no contest," to that charge. (ECF No. 15-16 at 5; ECF No. 15-15 at 18-21); *see also* Answer (ECF No. 17 at 2-3) (stating that Johnson entered a "'nolo contendere' plea" in Case Number F09-00661, and judgment was entered against him for aggravated sexual assault). However, the magistrate judge's error does not entitle Johnson to relief under Rule 59(e), as it does not "call into question the correctness of the judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Under Texas law, a plea of nolo contendere has the same legal effect in a criminal proceeding as a plea of guilty, Tex. Code Crim. Proc. art. 27.02(5), and the law applicable to a guilty plea also applies to a plea of nolo contendere. *Carter v. Collins*, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990). Here, Johnson has failed to demonstrate any prejudice caused by the magistrate judge's error in denominating the specific plea, and the error does not affect the FCR's substantive conclusion that was adopted by the Court.

Johnson also argues that the magistrate judge erred in finding the State had a video of him having sex with an underage girl. (ECF No. 36 at 7.) He contends that this finding was "blatantly false" and "unsupported by the record or evidence." *Id.* Contrary to Johnson's argument, Johnson's attorney testified during the state habeas proceedings that:

8

> Part of the evidence of the case [against Johnson] was that [the State] actually had a videotape of [Johnson] having sex with the young lady so they would be able to play a videotape in front of the jury of him having sex with the young lady. So the fact of whether or not he had sex with her was never in dispute or could never be in dispute because there was a videotape.

Writ Reporter's R. (ECF No. 16-20) at 8-9. Johnson's attorney further testified that, in his opinion, "the prospect of playing a video in the courtroom of [Johnson] having sex with an underaged girl . . . would not go well. And [he] told [Johnson] [he] didn't think it would go well." *Id.* at 10. Based on this testimony from Johnson's attorney, the magistrate judge determined that "Johnson's attorney strategically pursued a wise course of action in [Johnson's] case because" . . . "[t]he State had a videotape of Johnson having sex with an underage girl, and it could have been played for the jury if the cases had gone to trial." FCR 19 (citing Writ Reporter's R. (ECF No. 16-20) at 8, 10). The magistrate judge addressed the testimonial evidence from Johnson's attorney at the state habeas proceedings and concluded "the evidence against Johnson was overwhelming." FCR 19.

Johnson previously challenged the existence of the video evidence, and he cannot renew that challenge now. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (noting a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment"); *see also Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that

9

a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). For these reasons, Johnson has failed to show any manifest error of law or fact. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (to warrant Rule 59(e) relief, a movant "must clearly establish . . . a manifest error of law or fact or must present newly discovered evidence") (quotation omitted).

B.

Next, Johnson argues that the magistrate judge erred in finding his pleas were knowing and voluntary.[1] (ECF No. 36 at 2.) He claims that he misunderstood the legal effect of a nolo contendere plea, and that the trial judge's admonishment led him to believe that he was not pleading guilty. *Id.* Johnson also suggests that he has overcome the deference due to the state habeas court's decision on this issue. *Id.*

Johnson could have—and should have—raised these arguments before the Court entered its judgment, and his failure to do so is a bar to relief under Rule 59(e). *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). To the extent these arguments are not new, Johnson cannot use a Rule 59(e) motion to repeat old arguments the Court previously considered and rejected. *Simon*, 891 F.2d at 1159; *see also*

---

[1] The FCR found that Johnson did not specifically argue his pleas were unknowing and involuntary, but—to the extent his petition could be construed as having raised such an argument—the record demonstrated Johnson's pleas were knowingly and voluntarily made. FCR 5-7.

*Templet*, 367 F.3d at 478-79. The FCR accurately set forth the law on habeas review of a petitioner's argument that his plea was not knowingly and voluntarily made. FCR 5-6. The magistrate judge also reviewed the record evidence pertaining to Johnson's pleas. *Id.* 6-7. As stated in the FCR, the record shows the trial court properly admonished Johnson as to the nature of each offense and the applicable punishment ranges.[2] *Id.* Also, the magistrate judge examined the state habeas court findings on the validity of Johnson's pleas and concluded that Johnson failed to demonstrate the state habeas court's decision resulted in an unreasonable application of clearly established federal law. *Id.* 7; *see also Vollmer*, 673 F. App'x at 413-14 (holding state habeas court did not unreasonably determine that petitioner could not establish prejudice sufficient to sustain his claim that appellate

---

[2] "A trial court is not required to admonish the defendant that a plea of no contest has the same legal effect as a plea of guilty." *Flores-Alonzo v. State*, 460 S.W.3d 197, 201 (Tex. App. – Texarkana, 2015) (citing Tex. Code Crim. Proc. Ann. art. 26.13). *See also Vollmer v. Davis*, 673 F. App'x 406, 412 (5th Cir. 2016) (acknowledging the Fifth Circuit is "unaware" of any authority expressly requiring that a trial court admonish a criminal defendant that his no contest plea would have the same effect from a criminal standpoint as a guilty plea). As explained by a Texas appellate court, "[t]he entry of a valid guilty plea has the effect of admitting all material facts alleged in the formal criminal charge." *Flores-Alonzo*, 460 S.W.3d at 201. "Nevertheless, Article 1.15 of the Texas Code of Criminal Procedure permits the court to render a conviction only after the admission of sufficient evidence establishing a defendant's guilt. . . . [W]hen a defendant waives his right to a jury trial . . ., the State is not required to prove the defendant's guilt beyond a reasonable doubt. Rather, Article 1.15 only requires substantiation of the plea. By its plain terms it requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Id.* (cleaned up).

counsel was ineffective in not arguing that petitioner's nolo contendere plea to indecency with a child was not voluntary and intelligent because he was not admonished that under Texas law his plea had same legal effect as a guilty plea, and thus, federal habeas relief was not warranted based on appellate counsel's deficient performance; state habeas court found that petitioner was properly admonished as to the consequences of his plea).

Johnson is not entitled to Rule 59(e) relief on this ground because he has failed to show any manifest error of law or fact. *See Rosenzweig*, 332 F.3d at 863.

## C.

Johnson also argues the magistrate judge erred in finding his due process claims were conclusory and meritless. However, his arguments that (i) the prosecution presented "false evidence" and (ii) the trial court applied an "incorrect burden of proof" are not new; nor does he have any new evidence to support any such arguments. Johnson previously raised these same arguments, which the magistrate judge considered and recommended denying. FCR 8-9; Ord. (ECF No. 33). Johnson cannot rehash those arguments now. *See Templet*, 367 F.3d at 479; *see also Simon*, 891 F.2d at 1159. For these reasons, Johnson has failed to show any manifest error of law or fact. *See Rosenzweig*, 332 F.3d at 863.

12

D.

Johnson further attacks the magistrate judge's findings and conclusions with respect to his ineffective assistance of counsel (IAC) arguments.

1.

Johnson specifically argues that the magistrate judge erred in finding he failed to identify what a proper investigation of his miliary convictions would have revealed or how it would have affected the outcome of his criminal case. (ECF No. 36 at 6.) And he argues the magistrate judge erred in finding his IAC claim failed under *Strickland v. Washington*, 466 U.S. 668, 688 (1984), because he failed to show his attorney's performance was deficient and prejudiced him. (ECF No. 36 at 6.) But Johnson previously raised these same arguments in support of his IAC claim, and the magistrate judge addressed them and recommended denying his IAC claim. FCR 16-20. The Court accepted that recommendation. Ord. (ECF No. 33). Johnson cannot rehash his arguments now. *See Templet*, 367 F.3d at 479; *see also Simon*, 891 F.2d at 1159.

Indeed, Johnson previously asked the Court to "second-guess counsel's assistance after [his] conviction," something that is disfavored in the Fifth Circuit. FCR 18 (citing *United States v. Scott*, 11 F4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689); *see also*

13

Ord. (ECF No. 33). As set forth in the FCR, a court's review of counsel's performance is "highly deferential." FCR 18 (citing *Strickland*, 466 U.S. at 698); *see also* Ord. (ECF No. 33). Johnson has failed to demonstrate his attorney's performance was deficient under *Strickland*. FCR 18; Ord. (ECF No. 33)

Additionally, as the magistrate judge recognized, the state habeas court addressed Johnson's IAC claim that his attorney failed to investigate his miliary convictions. The state habeas court found, "[t]he use of the prior convictions did not play a role in [Johnson's] decision to plead guilty to the offenses. (Writ R.R. 12). The primary factor in pleading guilty was to avoid the possibility of stacked sentences. (Writ R.R. at 12)." FCR 18-19 (citing State Habeas Ct. R. -07 ("Supp Clk Rec. 01-11-21") (ECF No. 16-36 at 9) (findings and conclusions No. 17)); *see also* Ord. (ECF No. 33). Thus, Johnson has failed to satisfy the prejudice prong under *Strickland*. For these reasons, Johnson has failed to show any manifest error of law or fact that would warrant relief under Rule 59(e). *See Rosenzweig*, 332 F.3d at 863.

Johnson further contends that he is entitled to an evidentiary hearing. (ECF No. 36 at 7.) A court may hold an evidentiary hearing on a § 2254 petition when a petitioner demonstrates: (1) a claim relies on a new, retroactive rule of constitutional law that was previously unavailable; (2) a claim relies on a factual basis that could not have been previously discovered by exercise of due diligence; or (3) the facts underlying the claim show by

clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2). Here, Johnson has failed to show that an evidentiary hearing is necessary under the Fifth Circuit's remand order or his construed Rule 59(e) motion. Thus, no additional development at an evidentiary hearing is warranted, and Johnson's request for an evidentiary hearing should be denied.

2.

Johnson argues that during the hearing before the state habeas court, his attorney testified that he was "not aware of the state's intention to enhance Johnson until the day of the trial." (ECF No. 36 at 8.) But Johnson claims that the State faxed his attorney a copy of the motion to enhance in connection with its list of amended extraneous offenses on July 11, 2009, eleven days prior to trial. *Id.* Johnson further claims that this "new evidence" was not available to him while he was on a "bench warrant in Dallas County," and this "new evidence" demonstrates his attorney was aware the State intended to "enhance [him]." *Id.* Johnson concludes that his attorney committed perjury before the state habeas court by lying in an effort to protect himself from the IAC of claims raised by Johnson. *Id.*

Johnson's "new evidence" does not warrant relief under Rule 59(e). Even when "new evidence" is properly presented and considered, a Rule 59(e) motion should be granted only where it "(1) probably changes the

15

outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chemicals LP*, 261 F. App'x 729, 733 (5th Cir. 2008) (per curiam). Johnson has not shown that his "new evidence" would "probably" change the outcome of his case. As discussed, the magistrate judge found that the evidence of Johnson's guilt was overwhelming. FCR 19; *see also* Ord. (ECF No. 33). Johnson has failed to show any manifest error of law or fact. *See Rosenzweig*, 332 F.3d at 863.

E.

Last, Johnson argues that he has overcome the "relitigation bar" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and he is entitled to relief. (ECF No. 36 at 2.) He reiterates that his plea was unknowing and involuntary, and the trial court was fully aware he would have insisted on proceeding to a jury trial if he had been made aware of the actual circumstances. *Id.*

As with many of his other arguments, the magistrate judge previously addressed Johnson's claim that he can overcome the "relitigation bar." FCR 28; Ord. (ECF No. 33). Johnson cannot now rehash his previous arguments to the contrary. *See Templet*, 367 F.3d at 479; *see also Simon*, 891 F.2d at 1159. Johnson has failed to show any manifest error of law or fact. *See Rosenzweig*, 332 F.3d at 863.

In sum, altering or amending the judgment under Rule 59(e) is not warranted in this case because Johnson has failed to present any compelling new evidence, identify a manifest error of law or fact, or otherwise point to extraordinary circumstances warranting relief. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017); *see also Demahy*, 702 F.3d at 182; *Schiller*, 342 F.3d at 567. Johnson is not entitled to relief under Rule 59(e).

IV.

The Court should find that Johnson used the prison mail system to timely deliver objections to the magistrate judge's FCR to prison officials on March 6, 2023; construe his objections as a Rule 59(e) motion; and find Johnson is not entitled to relief under Rule 59(e). The case should be returned to the Fifth Circuit Court of Appeals.

**SO RECOMMENDED.**

November 2, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

17

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).