UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY B. JOHNSON, TDCJ No. 01594379., §§§§§§§§§§§ *Petitioner*, v. DIRECTOR, TDCJ-CID, *Respondent*. | Civil Action No. 3:21-CV-2926-X-BN |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se habeas petitioner Larry B. Johnson's motion to strike judgment per Rule 60(b)(1) and 60(b)(6). (Doc. 55). Johnson asks the Court to strike its prior order (Doc. 51) accepting the findings, conclusions, and recommendation (FCR) which Magistrate Judge Rutherford issued after the Fifth Circuit remanded this case for further fact finding (Doc. 50). But for the reasons stated below, the Court **DENIES** Johnson's motion.[1]

## I.   Background

In 2023, Magistrate Judge Rutherford issued an FCR (the Original FCR), which the Court accepted, denying Johnson's habeas claims. The Original FCR was filed on January 31, 2023, and the Court accepted it twenty-seven days later on February 27. Nine days after that, on March 8, Johnson signed an objection to the

---

[1] This case was transferred to the undersigned on October 24, 2024. Before that, the Honorable Sam R. Cummings presided over it.

Original FCR and a motion for an extension to file his objection.  But the Court did not receive the filings until March 30.

The Court denied Johnson's motion for extension of time, finding that Johnson failed to show good cause for his delay.  Regardless, the Court also noted that even "had [it] allowed the late objections," they were "without merit and overruled."[2]  Johnson appealed this order, arguing his objections were timely because he "received a copy of the [Original FCR] on February 23, 2023," and "filed his objections timely on March 8, 2023."[3]  Johnson claims this means his objections fell within the fourteen-day window provided by Rule 72(b)(2).[4]

The Fifth Circuit remanded Johnson's case back to this Court "to determine if Petitioner used the prison mail system" and if so, on what date "he gave his objections to prison officials for mailing."[5]  The Fifth Circuit also directed the district court to rule on Johnson's objections as a Rule 59(e) motion if appropriate.

Accordingly, the Court ordered Johnson to file an affidavit answering whether he used the prison mail system and if so, the date on which he delivered his objections to the system.  Johnson attested that he did use the prison mail system and delivered his objections on March 8, 2023.[6]

---

[2] Doc. 37.

[3] Doc. 38.

[4] Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

[5] *Johnson v. Lumpkin*, No. 23-10471, slip. op. at 2 (5th Cir. June 20, 2023).

[6] Doc. 43.

With this finding of fact, the Magistrate Judge issued a second FCR (Post-Remand FCR) explaining that Johnson's objections were timely as a motion for reconsideration under Rule 59(e), because he delivered them to the mail system within twenty-eight days of the entry of judgment.[7] The Post-Remand FCR then analyzed Johnson's objections under Rule 59(e) but found they "failed to present any compelling new evidence, identify a manifest error of law or fact, or otherwise point to extraordinary circumstances warranting relief," as Rule 59(e) requires.[8]

The Court accepted the Post-Remand FCR, which Johnson appealed. The Fifth Circuit then denied his certificate of appeal, and Johnson returned to this Court to ask for relief from the judgment under Rule 60(b). He argues that, although the Post-Remand FCR and judgment analyzed his objections as a motion for reconsideration under Rule 59(e), the Court should have construed them as timely objections to the Original FCR, not as a Rule 59(e) motion.

## II.   Legal Standards and Analysis

Federal Rule of Civil Procedure 60 provides a mechanism by which a party may seek relief from a final judgment, order, or proceeding. The grounds upon which a party may seek relief from a final judgment include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[7] Doc. 50 at 5; *see also* Fed. R. Civ. P. 65(e) ("A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment.").

[8] Doc. 50 at 17.

3

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.[9]

However, "Rule 60(b) relief will only be afforded in unique circumstances."[10] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding."[11] Here, Johnson argues that he is entitled to relief under Rule 60(b)(1) and Rule 60(b)(6).

### A.     Johnson has not established a mistake under Rule 60(b)(1).

Construing his motion liberally, Johnson argues that his objections to the Original FCR were timely and should be reviewed de novo because he filed them within fourteen days of receiving a copy of the Original FCR. He argues that the Court made a mistake in analyzing his objections under Rule 59(e) instead.

The Court disagrees. A party has "fourteen days after being served with a copy" of an FCR to "serve and file written objections."[12] And if a party timely objects, "[a] judge of the court shall make a de novo determination of those portions of the

---

[9] Fed. R. Civ. P. 60(b).

[10] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (cleaned up).

[11] Fed. R. Civ. P. 60(c).

[12] 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

report or specified proposed findings or recommendations to which objection is made."[13]

Courts in this circuit find that a prisoner litigant is "served" with a copy of the FCR under 28 U.S.C. § 636(b) when the FCR is filed into the record and mailed to the prisoner—not when he or she receives a copy of it.[14] Indeed, this adheres to Federal Rule of Civil Procedure 5, which provides that service by mail—the method generally used to serve prisoners—is complete upon mailing.[15]

"This rule, while seemingly difficult for pro se prisoners, makes practical sense."[16] As the court in *Boudreaux* explained:

> If a district court were required to give parties fourteen days from their receipt of a magistrate judge's report and recommendation, it could be waiting indefinitely. There is no way for the court to know when a party physically received a copy of his or her mail. If a particularly cautious court waited six months after a report and recommendation was filed to issue an order adopting it, only to be faced with objections filed two years later by a pro se prisoner who claimed that he received a copy of the report a mere week before he filed his objections, would the court have to vacate its earlier order? Such a rule would cause excessive delays.[17]

To soften the blow of this potentially harsh rule, Federal Rule of Civil Procedure 6(d) provides that "[w]hen a party must act within a specified time after

---

[13] 28 U.S.C. § 636(b)(1)(C).

[14] *See, e.g.*, *Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014) (stating that a prisoner "had fourteen days to file [objections] after *entry* of the magistrate judge's report and recommendation" (emphasis added)); *Boudreaux v. Tanner*, 2017 WL 175778, at *3 (E.D. La. Jan. 17, 2017) (finding that the prisoner's objections to the magistrate judge's recommendation were due within fourteen days of the recommendation's entry into the record, not from the date the prisoner received a copy of it).

[15] *See* Fed. R. Civ. P. 5(b)(2)(C).

[16] *Boudreaux*, 2017 WL 175778, at *3.

[17] *Id.*

being served and service is made [by mail], 3 days are added after the period would otherwise expire."[18]

But here, even with those three additional days under Rule 6, Johnson's objections, filed on March 6, 2023, were untimely.  The Magistrate Judge issued the Original FCR on January 31, 2023, and according to the docket sheet, it was entered and mailed to Johnson on February 1, 2023.  So Johnson had until Monday, February 20, 2023, to give his objections to the prison officials for mailing (February 18 and 19 were a Saturday and Sunday respectively).

Even so, the Court waited another week from the date the objections were due—until February 27, 2023—to accept the Original FCR and enter judgment.  So even assuming Johnson did not receive the Original FCR until February 23, 2023, as he claims, he could have filed an immediate motion for an extension of time to file objections, but he did not do so.

Johnson argues that the Court's order denying his construed Rule 59(e) motion contains language suggesting that the Court found his original objections timely, so the Court erred in not reviewing the objections de novo.  The order accepting the Post-Remand FCR did state "that Plaintiff used the prison mail system to timely deliver objections to the Magistrate Judge's FCR to the prison officials on March 6, 2023," but the Court then says it "construes Plaintiff's objections as a Rule 59(e) motion" and "finds that Plaintiff is not entitled to relief under Rule 59(e)."[19]  So the Court's

---

[18] Fed. R. Civ. P. 6(d).

[19] Doc. 51 at 1.

analysis shows that it correctly found the objections untimely for purposes of de novo review under 28 U.S.C. § 636(b), but timely for purposes of construing them under Rule 59(e).

Johnson also claims that, even if his objections were untimely and properly construed as a Rule 59(e) motion, the Court misapplied Rule 59(e) in denying his construed Rule 59(e) motion. But his argument is wholly conclusory. For the reasons set out in the Post-Remand FCR, which the Court accepted, Johnson has not established entitlement to relief under Rule 59(e).

Therefore, Johnson fails to show a mistake under Rule 60(b)(1).

### B. Johnson is not entitled to relief under Rule 60(b)(6).

Johnson also appeals to Rule 60(b)(6), which permits relief from a final judgment or order "for any other reason that justifies relief."[20] "To prevail in a Rule 60(b)(6) motion, the plaintiff must show that extraordinary circumstances apply."[21]

Johnson appears to argue that extraordinary circumstances apply because he had no control over the mail delay that caused him to receive a copy of the Original FCR on February 23, 2023, after the objection period expired.[22]

But, as explained, Johnson could have immediately moved for more time to object. Instead, he mistakenly assumed that he had until March 9, 2023, to file objections. Johnson's mistaken understanding of the law is not an extraordinary

---

[20] Fed. R. Civ. P. 60(b)(6).

[21] *United States v. Planned Parenthood of Houston*, 570 F. App'x 386, 390 (5th Cir. 2014) (cleaned up).

[22] Doc. 55 at 6.

7

circumstance. The Court also notes that the District Judge previously handling this case stated that, even assuming the objections to the Original FCR were timely and subject to de novo review, they were meritless.[23] So there is no sign that Johnson was prejudiced by the fact that the Court considered his untimely objections under Rule 59(e) and not de novo.

Johnson has not shown the exceptional circumstances necessary for relief under Rule 60(b)(6).

### A.   Conclusion

For the reasons stated above, the Court **DENIES** Larry B. Johnson's motion to strike the Court's judgment (Doc. 55) and, pursuant to 28 U.S.C. § 2253(c), **DENIES** a certificate of appealability.

**IT IS SO ORDERED** this 26th day of June, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] Doc. 37 ("Even had the Court allowed the late objections, the Court finds them to be without merit and overruled.")/